UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| Danny James Cecile, ) | Case No. 20- |
| ) | |
| Debtor ) | Chapter 11 |
| ) | |
| _____) | |

## MOTION TO EXTEND AUTOMATIC STAY
## TO NON-DEBTOR ENTITY OWNED BY DEBTOR AND NON-FILING SPOUSE

**COMES NOW** the Debtor, Danny James Cecile, by and through counsel, and moves the Court pursuant to 11 U.S.C. §§ 105 & 362 of the United States Bankruptcy Code ("Code") for an order extending the operation of the automatic stay in bankruptcy to certain non-debtor entities that is owned one hundred percent (100%) by the Debtor and his non-filing spouse, Jennifer Cecile. In support of this motion, the Debtor would show the Court the following:

### JURISDICTION

1.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this case and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory predicates for relief requested in this Motion are sections 105, 362 and 366 of Title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code").

### BACKGROUND

2.  On July 7, 2020 the Debtor filed a voluntary subchapter V Chapter 11 petition in this Court.

DJC

3.  Debtor, along with the Debtor's wife, Jennifer Cecile, own one hundred percent (100%) of a Tennessee limited liability company, Perry Farms, LLC ("Farms"). Pursuant to the Operating Agreement for Farms, the Debtor owns 53% with making an initial capital contribution of $90,000.00 while Mrs. Cecile owns 47% after her initial $100.00 Capital Contribution.

4.  Prior to Farms holding title, the Debtor acquired the Property fee simple in 2007.

5.  Farms has been administratively dissolved but owns certain real property, including farm land that is located off of Highway 67W in Mountain City, Tennessee (the "Property"). The Property is subject to alleged Promissory Notes and Deeds of Trust in favor of Highlands Union Bank & Trust. The Debtor has allegedly personally guaranteed the asserted indebtedness.

6.  Due to the emergency nature of this filing, the undersigned has not yet had a full opportunity to fully review the Loan Documents associated with the Property. However, upon information and belief, the Debtor believes the outstanding amount owed against the Property is approximately $62,002.39.

7.  The Debtor believes that the Property has equity as the Property has a tax value in the amount of $77,300.00 and a likely higher fair market value.

8.  Presently, the Property is the subject of a foreclosure proceeding pending in Johnson County, Tennessee and faces imminent foreclosure and sale.

9.  As an LLC owned in part by the Debtor, but entirely by the Debtor's marital union, the equity ownership of Farms is an asset of the bankruptcy estate of the Debtor.

10.  If the Johnson County foreclosure proceeding is allowed to proceed, the Debtor and his bankruptcy estate would be deprive in a tangible value that could be realized from either a commercially reasonable sale, which would result in a greater return to the estate than the pending foreclosure, or the possibility of reorganizing the debt associated with the Property.

11. As this Court is well aware, the Fourth Circuit Court of Appeals found in the *A.H. Robbins Co., Inc. v. Piccinin* case, 788 F. 2d 994 (4th Cir. 1986) there are certain "unusual circumstances" wherein it is proper to extend the automatic stay to non-debtor third parties.

12. A more recent case is from the Eastern District of North Carolina Bankruptcy Court, *In re Brier Creek Corporate Ctr. Assocs. Ltd. P'ship, et al., Debtors, 2013 Bankr. LEXIS 143; 2013 WL 144082 (2013)*, the Court found that circumstances existed that justified an extension of the stay to a non-debtor entity.

13. While by way of filing the present Chapter 11 case, the Johnson County foreclosure proceeding is stayed as to the Debtor and any potential deficiency, in order to preserve the value of the Debtor's interest in Farms, it would appear appropriate to extend the stay to the non-debtor Farms and the related foreclosure.

**WHEREFORE**, the Debtor respectfully requests that the court grant the relief requested herein and such further and other relief as is just and proper.

This the 7th day of July, 2020.

**ESSEX RICHARDS, P.A.**

John C. Woodman (NC Bar No. 42365)
1701 South Blvd.
Charlotte, North Carolina 28203
(P) (704) 377-4300
(F) 704-372-1357
jwoodman@essexrichards.com