FILED & JUDGMENT ENTERED
Steven T. Salata

August 26 2020

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

_Laura T Beyer_
Laura T. Beyer
United States Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| **DANNY JAMES CECILE, JR.,** | ) | Case No. 20-50285 |
| | ) | |
| Debtor. | ) | |

## ORDER DENYING DEBTOR'S MOTION TO EXTEND AUTOMATIC STAY TO NON-DEBTOR ENTITY OWNED BY DEBTOR AND NON-FILING SPOUSE

Upon consideration of the *Debtor's Motion to Extend Automatic Stay to Non-Debtor Entity Owned by Debtor and Non-Filing Spouse* [Docket No. 2] (the "Motion"), the *Response in Opposition to Motion of the Debtor to Extend Automatic Stay to Non-Debtor Entity Owned by Debtor and Non-Filing Spouse* filed by First Community Bank as successor in interest to Highlands Union Bank (the "Bank") [Docket No. 39], the *Debtor's Reply to First Community Bank's Opposition Response in Opposition to Debtor's Motion to Extend Automatic Stay to Non-Debtor Entity Owned by Debtor and Non-Filing Spouse* [Docket No. 43], the *Trustee's Position Statement for August 13, 2020 Hearing* [Docket No. 46], the docket in this case, and the arguments of counsel at the hearing held on the Motion on August 13, 2020; and due and adequate notice of the Motion having been provided; and after due deliberation and sufficient cause appearing therefore; it is hereby FOUND, DETERMINED AND CONCLUDED that:

{00502239.DOCX V. H449.026707;}              1

1. Through the Motion, the Debtor was seeking to extend the automatic stay to Perry Farms, LLC, a non-debtor dissolved Tennessee limited liability company;

2. Extensions of the automatic stay should only be granted in unusual circumstances;

3. The facts in this case do not rise to the level of unusual circumstances justifying an extension of the automatic stay;

4. The pending foreclosure sale on Perry Farms' real property will not result in a binding judgment against the Debtor;

5. Consummation of the Perry Farms foreclosure sale will not frustrate or thwart the reorganization efforts in this case;

6. The Motion seeks an equitable remedy and the equities are against the Debtor in this instance;

7. The owner(s) of Perry Farms had an obligation to winddown its affairs and satisfy the Bank's claims at the time Perry Farms was administratively dissolved, which did not occur;

8. The Debtor should not benefit from the failure of Perry Farms' owner(s) to fulfill his/her/their obligations;

9. The case law presented in support of the Motion from Tennessee State Court and Bankruptcy Courts interpreting the pertinent Tennessee Code is distinguishable;

10. The Tennessee business statutes, specifically including Tennessee Code § 48–245–501(e), indicate that property may transfer to the member(s) of Perry Farms only after the claims against Perry Farms have been satisfied, which has not occurred;

11. The real property held in the name of Perry Farms is not property of the Debtor and is not subject to the automatic stay in this case; and it is therefore

ORDERED that the Motion is DENIED; and it is further

ORDERED, that this Court shall retain jurisdiction over any and all issues arising from or related to the implementation and interpretation of this Order.

This Order has been signed electronically.
The Judge's signature and Court's seal
appear at the top of this Order.

United States Bankruptcy Court